TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MONICA E. TAIT (Cal. Bar No. 157311)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2931
    Facsimile: (213) 894-6269
    E-mail:   Monica.Tait@usdoj.gov
GUSTAV W. EYLER
Director, Consumer Protection Branch
WEI XIANG
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
    450 Fifth Street, NW, Suite 6400
    Washington, DC 20001
    Telephone: (202) 532-4140
    Facsimile: (202) 514-8742
    E-mail:   Wei.Xiang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-CR-00621(B)-AB |
|        Plaintiff, | PLEA AGREEMENT FOR DEFENDANT YAN FU |
|           v. | |
| YAN FU, | |
|        Defendant. | |

    1.   This constitutes the plea agreement between YAN FU ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") and the U.S. Department of Justice, Consumer Protection Branch ("CPB") (collectively, "the government" or "specified government offices") in the above-captioned

DocuSign Envelope ID: 1B42400F-8A63-4580-917C-77BEA1D82C3E

1  case.  This agreement is limited to the specified government offices

2  and cannot bind any other federal, state, local, or foreign

3  prosecuting, enforcement, administrative, or regulatory authorities.

4  DEFENDANT'S OBLIGATIONS

5      2.  Defendant agrees to:

6          a.  At the earliest opportunity requested by the

7  government and provided by the Court, appear and plead guilty to

8  count one of the Second Superseding Indictment in <u>United States v.</u>

9  <u>Bai, et al.</u>, CR No. 20-621(B)-AB-4, which charges defendant with

10  conspiracy to commit money laundering in violation of 18 U.S.C.

11  § 1956(h).

12          b.  Not contest facts agreed to in this agreement.

13          c.  Abide by all agreements regarding sentencing contained

14  in this agreement.

15          d.  Appear for all court appearances, surrender as ordered

16  for service of sentence, obey all conditions of any bond, and obey

17  any other ongoing court order in this matter.

18          e.  Not commit any crime; however, offenses that would be

19  excluded for sentencing purposes under United States Sentencing

20  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

21  within the scope of this agreement.

22          f.  Be truthful at all times with the United States

23  Probation and Pretrial Services Office and the Court.

24          g.  Pay the applicable special assessment at or before the

25  time of sentencing unless defendant has demonstrated a lack of

26  ability to pay such assessment.

27          h.  Defendant agrees that any and all criminal debt

28  ordered by the Court will be due in full and immediately.  The

2

DocuSign Envelope ID: 1B424005-8A63-4589-917C-77BEA1D82C3E

1    government is not precluded from pursuing, in excess of any payment

2    schedule set by the Court, any and all available remedies by which to

3    satisfy defendant's payment of the full financial obligation,

4    including referral to the Treasury Offset Program.

5         i.   Complete the Financial Disclosure Statement on a form

6    provided by the USAO and, within 30 days of defendant's entry of a

7    guilty plea, deliver the signed and dated statement, along with all

8    of the documents requested therein, to the USAO by either email at

9    usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

10   Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

11   Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

12   criminal debt shall be assessed based on the completed Financial

13   Disclosure Statement and all required supporting documents, as well

14   as other relevant information relating to ability to pay.

15        j.   Authorize the USAO to obtain a credit report upon

16   returning a signed copy of this plea agreement.

17        k.   Consent to the government inspecting and copying all

18   of defendant's financial documents and financial information held by

19   the United States Probation and Pretrial Services Office.

20              FORFEITURE AND FINANCIAL ACCOUNTABILITY

21     3.   Defendant further agrees:

22        a.   To forfeit all right, title, and interest in and to

23   any and all monies, properties, and/or assets of any kind, derived

24   from or acquired as a result of, or used to facilitate the commission

25   of, or involved in the illegal activity to which defendant is

26   pleading guilty, specifically including, but not limited to, the

27   following (collectively, the "Forfeitable Property"), to the extent

28   not already declared forfeited:

DocuSign Envelope ID: 1B43400F-8A63-4580-917C-77BEA1D82C3E

i.  $28,074.00 in United States Currency, new electronics merchandise, and gift cards, seized on or about November 17, 2020 from addresses in El Monte, California and Baldwin Park, California;

ii.  New electronics merchandise, including Apple iPads, Apple watches, Apple Airpods, Nintendo Switches, and streaming devices, seized on or about November 17, 2020 from an address in Chino Hills, California;

iii.  New electronics merchandise, including Apple Airpods and cables, and United States Currency, seized on or about November 17, 2020 from an address in Hacienda Heights, California;

iv.  $41,912.91 in bank funds seized from an account at Cathay bank on or about December 3, 2020; and

v.  All property described in the redacted seizure reports accompanying this agreement as Exhibit A.

b.  To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the assets.

c.  Agree to the entry, as part of defendant's guilty plea, of a personal money judgment of forfeiture against defendant in the amount of $60,000, which sum defendant admits was derived from proceeds traceable to or involved in the violations described in the factual basis.  Defendant understands that the money judgment of forfeiture is part of defendant's sentence, and is separate from any fines or restitution that may be imposed by the Court.

d.  That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

4

1        e.   To take whatever steps are necessary to pass to the

2   United States clear title to the Forfeitable Property, including,

3   without limitation, the execution of a consent decree of forfeiture

4   and the executing and completing of any legal or other documents

5   required for the transfer of title to the United States.

6        f.   Not to contest any administrative forfeiture

7   proceedings or civil judicial proceedings commenced against the

8   Forfeitable Property.  If defendant submitted a claim and/or petition

9   for remission for all or part of the Forfeitable Property on behalf

10  of himself or any other individual or entity, defendant shall and

11  hereby does withdraw any such claims or petitions, and further agrees

12  to waive any right he may have to seek remission or mitigation of the

13  forfeiture of the Forfeitable Property.  Defendant further waives any

14  and all notice requirements of 18 U.S.C. § 983(a)(1)(A).

15       g.   Not to assist any other individual in any effort

16  falsely to contest the forfeiture of the Forfeitable Property.

17       h.   Not to claim that reasonable cause to seize the

18  Forfeitable Property was lacking.

19       i.   To prevent the transfer, sale, destruction, or loss of

20  any and all assets described above to the extent defendant has the

21  ability to do so.

22       j.   That forfeiture of Forfeitable Property shall not be

23  counted toward satisfaction of any special assessment, fine,

24  restitution, costs, or other penalty the Court may impose.

25       k.   With respect to any criminal forfeiture ordered as a

26  result of this plea agreement, defendant waives: (1) the requirements

27  of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding

28  notice of the forfeiture in the charging instrument, announcements of

1  the forfeiture at sentencing, and incorporation of the forfeiture in

2  the judgment; (2) all constitutional and statutory challenges to the

3  forfeiture (including by direct appeal, habeas corpus or any other

4  means); and (3) all constitutional, legal, and equitable defenses to

5  the forfeiture of the Forfeitable Property in any proceeding on any

6  grounds including, without limitation, that the forfeiture

7  constitutes an excessive fine or punishment.  Defendant acknowledges

8  that the forfeiture of the Forfeitable Property is part of the

9  sentence that may be imposed in this case and waives any failure by

10  the Court to advise defendant of this, pursuant to Federal Rule of

11  Criminal Procedure 11(b)(1)(J), at the time the Court accepts

12  defendant's guilty plea.

13                  <u>THE GOVERNMENT'S OBLIGATIONS</u>

14      4.   The government agrees to:

15          a.   Not contest facts agreed to in this agreement.

16          b.   Abide by all agreements regarding sentencing contained

17  in this agreement.

18          c.   At the time of sentencing, move to dismiss (as against

19  defendant only) the First Superseding Indictment.  Defendant agrees,

20  however, that at the time of sentencing, the Court may consider any

21  dismissed charges in determining the applicable Sentencing Guidelines

22  range, the propriety and extent of any departure from that range, and

23  the sentence to be imposed.

24          d.   At the time of sentencing, provided that defendant

25  demonstrates an acceptance of responsibility for the offense up to

26  and including the time of sentencing, recommend a two-level reduction

27  in the applicable Sentencing Guidelines offense level, pursuant to

28

1  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

2  additional one-level reduction if available under that section.

3        e.    Recommend that defendant be sentenced to a term of

4  imprisonment no higher than the low end of the applicable Sentencing

5  Guidelines range, provided that the offense level used by the Court

6  to determine that range is 21 or higher and provided that the Court

7  does not depart downward in offense level or criminal history

8  category.  For purposes of this agreement, the low end of the

9  Sentencing Guidelines range is that defined by the Sentencing Table

10  in U.S.S.G. Chapter 5, Part A.

11                        <u>NATURE OF THE OFFENSE</u>

12        5.    Defendant understands that for defendant to be guilty of

13  the crime charged in count one of the Second Superseding Indictment,

14  that is, conspiracy to commit money laundering, in violation of Title

15  18, United States Code, Section 1956(h), the following must be true:

16  (i) there was an agreement among two or more persons to commit money

17  laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and (ii)

18  the defendant became a member of the conspiracy knowing of its object

19  and intending to help accomplish it.  In order for a defendant to be

20  found guilty of money laundering, in violation of 18 U.S.C.

21  § 1956(a)(1)(B)(i), the following must be true:  (i) the defendant

22  conducted a financial transaction involving property that represented

23  the proceeds of wire fraud, a specified unlawful activity; (ii) the

24  defendant knew that the property represented the proceeds of some

25  form of unlawful activity; and (iii) the defendant knew that the

26  transaction was designed in whole or in part to conceal or disguise

27  the nature, source, or control of the proceeds.  A "financial

28  transaction" is a transaction involving the movement of funds by wire

7

1    or other means that affects interstate or foreign commerce in any

2    way.

3                        PENALTIES AND RESTITUTION

4         6.   Defendant understands that the statutory maximum sentence

5    that the Court can impose for a violation of Title 18, United States

6    Code, Section 1956(h) is: 20 years imprisonment; a three-year period

7    of supervised release; a fine of $500,000 or twice the gross gain or

8    gross loss resulting from the offense, whichever is greatest; and a

9    mandatory special assessment of $100.

10        7.   Defendant understands that defendant will be required to

11   pay full restitution to the victim(s) of the offense to which

12   defendant is pleading guilty.  Defendant agrees that, in return for

13   the USAO's compliance with its obligations under this agreement, the

14   Court may order restitution to persons other than the victim(s) of

15   the offense to which defendant is pleading guilty and in amounts

16   greater than those alleged in the count to which defendant is

17   pleading guilty.  In particular, defendant agrees that the Court may

18   order restitution to any victim for any losses suffered by that

19   victim as a result of any relevant conduct, as defined in U.S.S.G.

20   § 1B1.3, in connection with the offense to which defendant is

21   pleading guilty.  The parties currently do not have an estimate of

22   the applicable amount of restitution defendant owes, if any.

23        8.   Defendant understands that supervised release is a period

24   of time following imprisonment during which defendant will be subject

25   to various restrictions and requirements.  Defendant understands that

26   if defendant violates one or more of the conditions of any supervised

27   release imposed, defendant may be returned to prison for all or part

28   of the term of supervised release authorized by statute for the

DocuSign Envelope ID: 1B424Q0F-8A63-4580-917C-77BEA1D82C3E

1  offense that resulted in the term of supervised release, which could
2  result in defendant serving a total term of imprisonment greater than
3  the statutory maximum stated above.

4      9.  Defendant understands that, by pleading guilty, defendant
5  may be giving up valuable government benefits and valuable civic
6  rights, such as the right to vote, the right to possess a firearm,
7  the right to hold office, and the right to serve on a jury.
8  Defendant understands that she is pleading guilty to a felony and
9  that it is a federal crime for a convicted felon to possess a firearm
10  or ammunition.  Defendant understands that the conviction in this
11  case may also subject defendant to various other collateral
12  consequences, including but not limited to revocation of probation,
13  parole, or supervised release in another case and suspension or
14  revocation of a professional license.  Defendant understands that
15  unanticipated collateral consequences will not serve as grounds to
16  withdraw defendant's guilty plea.

17      10.  Defendant and her counsel have discussed the fact that, and
18  defendant understands that, if defendant is not a United States
19  citizen, the conviction in this case makes it practically inevitable
20  and a virtual certainty that defendant will be removed or deported
21  from the United States.  Defendant may also be denied United States
22  citizenship and admission to the United States in the future.
23  Defendant understands that while there may be arguments that
24  defendant can raise in immigration proceedings to avoid or delay
25  removal, removal is presumptively mandatory and a virtual certainty
26  in this case.  Defendant further understands that removal and
27  immigration consequences are the subject of a separate proceeding and
28  that no one, including her attorney or the Court, can predict to an

9

DocuSign Envelope ID: 1B42400F-9A62-4580-81FC-77BEA1D82C3F

absolute certainty the effect of her conviction on her immigration
status.  Defendant nevertheless affirms that she wants to plead
guilty regardless of any immigration consequences that her plea may
entail, even if the consequence is automatic removal from the United
States.

FACTUAL BASIS

11.  Defendant admits that defendant is, in fact, guilty of the
offense to which defendant is agreeing to plead guilty.  Defendant
and the government agree to the statement of facts provided below and
agree that this statement of facts is sufficient to support a plea of
guilty to the charge described in this agreement and to establish the
Sentencing Guidelines factors set forth in paragraph 13 below but is
not meant to be a complete recitation of all facts relevant to the
underlying criminal conduct or all facts known to either party that
relate to that conduct.

a.  Beginning no later than in or about June 2019 and
continuing through on or about November 17, 2020, defendant, aka
"Sharon," knowingly conspired with others, including co-defendants
Blade Bai, Bowen Hu ("Hu"), and Tairan Shi ("Shi"), to conduct
financial transactions involving property that represented the
proceeds of wire fraud.  Defendant became a member of the conspiracy
knowing of its object to conduct financial transactions involving
property that represented the proceeds of wire fraud and intending to
help accomplish it.  Defendant served as a "runner."  At the
direction of handlers such as her co-defendants Hu and Shi, defendant
travelled to retail stores run by Target Corporation ("Target") in
Los Angeles and Orange Counties, and elsewhere in the Central
District of California.  Using card numbers and access codes for

10

DocuSign Envelope ID: 1B42400F-9A62-4580-817C-77BFA1D82C3F

numerous Target gift cards ("gift cards") that were supplied to her by her handlers, defendant used the funds associated with those gift cards to purchase, among other items, consumer electronics and other gift cards.  At times, defendant FU used the gift cards to purchase items for the purpose of returning the same items and transferring the items' value onto new gift cards.  At times, defendant also used the gift cards to purchase low-value items, such as hash browns and cheese wedges, for the purpose of concurrently transferring the remainder of the funds on the gift cards onto new gift cards. Defendant often conducted these gift card transactions at multiple Target store locations each day.

b.   Defendant received over 4,000 Target gift cards from co-defendants Hu and Shi, many of which had a value of at least $500. At least some of those gift cards were originally purchased by scam victims across the United States.  Such victims were fraudulently induced by scammers, using interstate telephone communications to further their fraudulent schemes, to purchase the gift cards and to communicate the card numbers and access codes to the scammers.  Gift cards purchased by such victims were the proceeds of wire fraud schemes.  The gift cards then passed through intermediaries, often on the same day as their purchase, to defendant and her handlers, sometimes with instructions that the cards must be used within time periods such as 30 minutes or two hours.  The subsequent purchases, returns, and other transactions conducted by defendant with the gift cards, including her commingling of funds from different gift cards into a single purchase of merchandise or a new gift card, served to distance the proceeds of the wire fraud from the victim-purchasers. Defendant knew that the funds on the gift cards were the proceeds of

11

some form of unlawful activity and that her transactions using the gift cards were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds.

c.   In furtherance of the conspiracy, and to accomplish its object, on February 13, 2020, defendant used a gift card ending in 026 (the "026 Card") to purchase an Apple watch at a Target store in La Habra, California.  Earlier the same day, a victim in Fresno, California, had purchased the 026 Card as a result of a fraud scheme. Defendant had received the 026 Card from co-defendant Hu.

d.   Co-defendants Hu and Shi took possession of the electronics and other items that defendant purchased with the gift cards provided by them.  Defendant received approximately three percent of the value of her Target transactions as payment for her runner activity from June 2019 to and including November 17, 2020. Defendant agrees that the aggregate value of gift cards she transacted as part of the conspiracy was approximately $2 million, from which she derived approximately $60,000 in criminal proceeds.

<u>SENTENCING FACTORS</u>

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate up to the maximum set by statute for the crime of
conviction.

13.  Defendant and the government agree to the following
applicable Sentencing Guidelines factors:

Base Offense Level:          24  U.S.S.G. §§ 2B1.1(b)(1)(I),
                                 2S1.1(a)(2), 2X1.1(a)

The government reserves the right to argue, and defendant reserves
the right to contest, that the offense involved sophisticated
laundering, and that 2 levels should therefore be added to the
Guidelines calculation pursuant to U.S.S.G. § 2S1.1(b)(3); and that
the defendant was in the business of laundering funds, and that 4
levels should therefore be added to the Guidelines calculation
pursuant to U.S.S.G. § 2S1.1(b)(2)(C).  In addition, defendant
reserves the right to argue, and the government reserves the right to
contest, that a mitigating role adjustment should be applied, and
that between 2 to 4 levels should therefore be subtracted from the
Guidelines calculation pursuant to U.S.S.G. § 3B1.2.  Subject to
paragraph 26 below, defendant and the government agree not to seek,
argue, or suggest in any way, either orally or in writing, that any
other specific offense characteristics, adjustments, or departures
relating to the offense level be imposed.  Defendant agrees, however,
that if, after signing this agreement but prior to sentencing,
defendant were to commit an act, or the government were to discover a
previously undiscovered act committed by defendant prior to signing
this agreement, which act, in the judgment of the government,
constituted obstruction of justice within the meaning of U.S.S.G.
§ 3C1.1, the government would be free to seek the enhancement set
forth in that section and to argue that defendant is not entitled to

13

DocuSign Envelope ID: 1B42400E-9A62-4580-91ZC-77BEA1D82C3F

1  a downward adjustment for acceptance of responsibility under U.S.S.G.

2  § 3E1.1.

3      14.  Defendant understands that there is no agreement as to

4  defendant's criminal history or criminal history category.

5      15.  Defendant and the government reserve the right to argue for

6  a sentence outside the sentencing range established by the Sentencing

7  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

8  (a)(2), (a)(3), (a)(6), and (a)(7).

9  <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

10      16.  Defendant understands that by pleading guilty, defendant

11  gives up the following rights:

12        a.  The right to persist in a plea of not guilty.

13        b.  The right to a speedy and public trial by jury.

14        c.  The right to be represented by counsel -- and if

15  necessary have the Court appoint counsel -- at trial.  Defendant

16  understands, however, that, defendant retains the right to be

17  represented by counsel -- and if necessary have the Court appoint

18  counsel -- at every other stage of the proceeding.

19        d.  The right to be presumed innocent and to have the

20  burden of proof placed on the government to prove defendant guilty

21  beyond a reasonable doubt.

22        e.  The right to confront and cross-examine witnesses

23  against defendant.

24        f.  The right to testify and to present evidence in

25  opposition to the charges, including the right to compel the

26  attendance of witnesses to testify.

27

28

DocuSign Envelope ID: 1B42400F-9A62-4580-81ZC-77BEA1D82C3E

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF RETURN OF DIGITAL DATA

17.   Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

### WAIVER OF APPEAL OF CONVICTION

18.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19.   Defendant agrees that, provided the Court imposes a total term of imprisonment of no more than 87 months, defendant gives up the right to appeal all of the following: (a) the procedures and

15

DocuSign Envelope ID: 1B42400F-9A62-4580-A17C-77BFA1D82C3F

calculations used to determine and impose any portion of the
sentence; (b) the term of imprisonment imposed by the Court; (c) the
fine imposed by the Court, provided it is within the statutory
maximum; (d) to the extent permitted by law, the constitutionality or
legality of defendant's sentence, provided it is within the statutory
maximum; (e) the term of probation or supervised release imposed by
the Court, provided it is within the statutory maximum; and (f) any
of the following conditions of probation or supervised release
imposed by the Court: the conditions set forth in Second Amended
General Order 20-04 of this Court; the drug testing conditions
mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and
drug use conditions authorized by 18 U.S.C. § 3563(b)(7).  Defendant
reserves the right to appeal the amount of restitution ordered.

20.  The government agrees that, provided (a) all portions of
the sentence are at or below the statutory maximum specified above
and (b) the Court imposes a term of imprisonment of no less than 70
months, the government gives up its right to appeal any portion of
the sentence, except that the government reserves the right to appeal
the amount of restitution ordered.

<u>WAIVER OF COLLATERAL ATTACK</u>

21.  Defendant also gives up any right to bring a post-
conviction collateral attack on the conviction or sentence, including
any order of restitution, except a post-conviction collateral attack
based on a claim of ineffective assistance of counsel, a claim of
newly discovered evidence, or an explicitly retroactive change in the
applicable Sentencing Guidelines, sentencing statutes, or statutes of
conviction.  Defendant understands that this waiver includes, but is
not limited to, arguments that the statute to which defendant is

16

DocuSign Envelope ID: 1B42400F-9A62-4580-81JC-73BEA1D82C3F

1  pleading guilty is unconstitutional, and any and all claims that the
2  statement of facts provided herein is insufficient to support
3  defendant's plea of guilty.

RESULT OF WITHDRAWAL OF GUILTY PLEA

5      22.  Defendant agrees that if, after entering a guilty plea
6  pursuant to this agreement, defendant seeks to withdraw and succeeds
7  in withdrawing defendant's guilty plea on any basis other than a
8  claim and finding that entry into this plea agreement was
9  involuntary, then the government will be relieved of all of its
10  obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

12      23.  This agreement is effective upon signature and execution of
13  all required certifications by defendant, defendant's counsel, an
14  Assistant United States Attorney, and a CPB Trial Attorney.

BREACH OF AGREEMENT

16      24.  Defendant agrees that if defendant, at any time after the
17  effective date of this agreement, knowingly violates or fails to
18  perform any of defendant's obligations under this agreement ("a
19  breach"), the government may declare this agreement breached.  All of
20  defendant's obligations are material, a single breach of this
21  agreement is sufficient for the government to declare a breach, and
22  defendant shall not be deemed to have cured a breach without the
23  express agreement of the government in writing.  If the government
24  declares this agreement breached, and the Court finds such a breach
25  to have occurred, then: (a) if defendant has previously entered a
26  guilty plea pursuant to this agreement, defendant will not be able to
27  withdraw the guilty plea, and (b) the government will be relieved of
28  all its obligations under this agreement.

17

DocuSign Envelope ID: 1B42400F-9A62-4580-81FC-77BEA1D82C3F

1          COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

2                         OFFICE NOT PARTIES

3          25.  Defendant understands that the Court and the United States

4    Probation and Pretrial Services Office are not parties to this

5    agreement and need not accept any of the government's sentencing

6    recommendations or the parties' agreements to facts or sentencing

7    factors.

8          26.  Defendant understands that both defendant and the

9    government are free to: (a) supplement the facts by supplying

10   relevant information to the United States Probation and Pretrial

11   Services Office and the Court, (b) correct any and all factual

12   misstatements relating to the Court's Sentencing Guidelines

13   calculations and determination of sentence, and (c) argue on appeal

14   and collateral review that the Court's Sentencing Guidelines

15   calculations and the sentence it chooses to impose are not error,

16   although each party agrees to maintain its view that the calculations

17   in paragraph 13 are consistent with the facts of this case.  While

18   this paragraph permits both the government and defendant to submit

19   full and complete factual information to the United States Probation

20   and Pretrial Services Office and the Court, even if that factual

21   information may be viewed as inconsistent with the facts agreed to in

22   this agreement, this paragraph does not affect defendant's and the

23   government's obligations not to contest the facts agreed to in this

24   agreement.

25         27.  Defendant understands that even if the Court ignores any

26   sentencing recommendation, finds facts or reaches conclusions

27   different from those agreed to, and/or imposes any sentence up to the

28   maximum established by statute, defendant cannot, for that reason,

                                    18

withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

28.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the government and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

29.  The parties agree that this agreement will be considered

//

1  part of the record of defendant's guilty plea hearing as if the

2  entire agreement had been read into the record of the proceeding.

3   AGREED AND ACCEPTED

4   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
5   CALIFORNIA

6   TRACY L. WILKISON
    United States Attorney
7

8                                            May 31, 2022
    MONICA E. TAIT                           Date
9   Assistant United States Attorney

10  U.S. DEPARTMENT OF JUSTICE,
    CONSUMER PROTECTION BRANCH
11

12  GUSTAV W. EYLER
    Director
13                                           May 31, 2022
    WEI XIANG                                Date
14  Trial Attorney

15                                           5/31/2022
    YAN FU                                   Date
16  Defendant

17
                                             5/27/2022
18  KEVIN J. COLE                            Date
19  Attorney for Defendant YAN FU

20

21              CERTIFICATION OF DEFENDANT

22       This agreement has been read to me in Mandarin Chinese, the

23  language I understand best.  I have had enough time to review and

24  consider this agreement, and I have carefully and thoroughly

25  discussed every part of it with my attorney.  I understand the terms

26  of this agreement, and I voluntarily agree to those terms.  I have

27  discussed the evidence with my attorney, and my attorney has advised

28  me of my rights, of possible pretrial motions that might be filed, of

                              20

possible defenses that might be asserted either prior to or at trial,
of the sentencing factors set forth in 18 U.S.C. § 3553(a), of
relevant Sentencing Guidelines provisions, and of the consequences of
entering into this agreement.  No promises, inducements, or
representations of any kind have been made to me other than those
contained in this agreement.  No one has threatened or forced me in
any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charge and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____          5/31/2022
YAN FU                                      Date
Defendant


                    CERTIFICATION OF INTERPRETER

     I, _____Chen Wang_____, am fluent in the written and spoken
English and Mandarin Chinese languages.  I accurately translated this
entire agreement from English into Mandarin Chinese to defendant YAN
FU on this date.

_____          5/27/2022
INTERPRETER                                 Date


                CERTIFICATION OF DEFENDANT'S ATTORNEY

     I am YAN FU's attorney.  I have carefully and thoroughly
discussed every part of this agreement with my client.  Further, I
have fully advised my client of her rights, of possible pretrial

                               21

1  motions that might be filed, of possible defenses that might be

2  asserted either prior to or at trial, of the sentencing factors set

3  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

4  provisions, and of the consequences of entering into this agreement.

5  To my knowledge: no promises, inducements, or representations of any

6  kind have been made to my client other than those contained in this

7  agreement; no one has threatened or forced my client in any way to

8  enter into this agreement; my client's decision to enter into this

9  agreement is an informed and voluntary one; and the factual basis set

10 forth in this agreement is sufficient to support my client's entry of

11 a guilty plea pursuant to this agreement.

12

13 KEVIN J. COLE                                          Date
   Attorney for Defendant YAN FU

5/27/2022

# EXHIBIT A

U.S DEPARTMENT OF HOMELAND SECURITY

No. █████████ | GP Group 4

# CUSTODY RECEIPT for SEIZED PROPERTY and EVIDENCE

Handbook 5200-09

| 1. FPF No. ████████ | 2. Incident No. ████████ | | |
|---|---|---|---|
| 3. Investigative Case No. ████████ | 4. EID Event Number | | |
| 5. Prior Detention?<br>Yes ☐ No ☐ If yes, DHS 6051D No. | 6. Date Seized (mm/dd/yyyy)<br>11/17/2020 | 7. Time Seized (Use 24 Hrs)<br>07:00 | 8. FDIN/Misc. |
| 9. Seized From:<br>Name:              Unknown<br>Address:<br>Telephone No. | 10. Entry No. | 11. Seal or Other ID Nos. | |
| | 12. Remarks: | | |

13. Send Correspondence to:
U.S. CBP / ATTN:FPFO, 301 E OCEAN BLVD, STE 900, LONG BEACH, CA, 90802, TEL. No. ████████

| 14. PROPERTY (By Line Item) Attach CBP 58 if conveyance | | | | | | |
|---|---|---|---|---|---|---|
| a. Line Item No. | b. Description | c. Packages | | d. Measurements | | e. Est. Dom. Value |
| | | Number | Type | Qty | UM | |
| 0001 | Loomis deposit for $28,074.00 | 1 | BG | 1 | EA | $  28074 |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |

| 15. Seizing Officer | | | |
|---|---|---|---|
| Cutaia, Christopher | X | | 11/19/2020 |
| Print Name | | Signature | Date |

| 16. ACCEPTANCE / CHAIN OF CUSTODY | | | | |
|---|---|---|---|---|
| a. Line Item No. | b. Description | c. Print Name/Title /Organization | d. Signature | e. Date |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DHS Form 6051A Continuation Sheet Attached? Yes ☑ No ☐

DHS Retains Original          REPRINT COPY 3    - Requested by FPF Officer or Seized Property



DHS Form 6051S(08/09)

U.S DEPARTMENT OF HOMELAND SECURITY

No. ▬▬▬▬  GP Group 5

## CUSTODY RECEIPT for SEIZED PROPERTY and EVIDENCE

Handbook 5200-09

| 1. FPF No. ▬▬▬ | | 2. Incident No. ▬▬▬ | | |
|---|---|---|---|---|
| 3. Investigative Case No. ▬▬▬ | | 4. EID Event Number | | |
| 5. Prior Detention? Yes ☐ No ☐ If yes, DHS 6051D No. | | 6. Date Seized (mm/dd/yyyy) 11/17/2020 | 7. Time Seized (Use 24 Hrs) 07:00 | 8. FDIN/Misc. |
| 9. Seized From: Name: Unknown | | 10. Entry No. | 11. Seal or Other ID Nos. | |
| Address: Telephone No. | | 12. Remarks: | | |

13. Send Correspondence to:
U.S. CBP / ATTN:FPFO, 301 E OCEAN BLVD, STE 900, LONG BEACH, CA, 90802, TEL. No. ▬▬▬

### 14. PROPERTY (By Line Item) Attach CBP 58 if conveyance

| a. Line Item No. | b. Description | c. Packages Number | Type | d. Measurements Qty | UM | e. Est. Dom. Value |
|---|---|---|---|---|---|---|
| 0002 | Gold Color iPhone | 1 | BG | 1 | EA | $ 0 |
| 0003 | Blue Grey Color iPhone | 1 | BG | 1 | EA | $ 0 |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |

| 15. Seizing Officer | | | | |
|---|---|---|---|---|
| Cutaia, Christopher | | X ~signature~ | | 11/17/2020 |
| Print Name | | Signature | | Date |

### 16. ACCEPTANCE / CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title /Organization | d. Signature | e. Date |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DHS Form 6051A Continuation Sheet Attached? Yes ☑ No ☐

DHS Retains Original          REPRINT COPY 3     - Requested by FPF Officer or Seized Property



DHS Form 6051S(08/09)

U.S DEPARTMENT OF HOMELAND SECURITY

No. ▆▆▆▆▆▆ 1 GP Group 6

# CUSTODY RECEIPT for SEIZED PROPERTY and EVIDENCE

Handbook 5200-09

| 1. FPF No. | | 2. Incident No. | |
|---|---|---|---|
| 3. Investigative Case No. | | 4. EID Event Number | |
| 5. Prior Detention? Yes ☐ No ☐ If yes, DHS 6051D No. | | 6. Date Seized (mm/dd/yyyy) 11/17/2020 | 7. Time Seized (Use 24 Hrs) 07:00 | 8. FDIN/Misc. |
| 9. Seized From: Name:                Unknown | | 10. Entry No. | 11. Seal or Other ID Nos. |
| Address: Telephone No. | | 12. Remarks: | |

13. Send Correspondence to:
U.S. CBP / ATTN:FPFO, 301 E OCEAN BLVD, STE 900, LONG BEACH, CA, 90802, TEL. No. ▆▆▆▆▆

### 14. PROPERTY (By Line Item) Attach CBP 58 if conveyance

| a. Line Item No. | b. Description | c. Packages Number | Type | d. Measurements Qty | UM | e. Est. Dom. Value |
|---|---|---|---|---|---|---|
| 0004 | HP Laptop computer, SN#5CD0288ZW3 charger (room D) | 1 | BG | 1 | EA | $       0 |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |

| 15. Seizing Officer | | | | |
|---|---|---|---|---|
| | Cutaia, Christopher | X | [signature] | 11/17/2020 |
| | Print Name | | Signature | Date |

### 16. ACCEPTANCE / CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title /Organization | d. Signature | e. Date |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DHS Form 6051A Continuation Sheet Attached? Yes ☑ No ☐

DHS Retains Original        REPRINT COPY 3   - Requested by FPF Officer or Seized Property



DHS Form 6051S(08/09)

**SEIZED PROPERTY and EVIDENCE**

Handbook 5200-09

| 1. FPF No. | | 2. Incident No. | | |
|---|---|---|---|---|
| 3. Investigative Case No. | | 4. EID Event Number | | |
| 5. Prior Detention? Yes ☐ No ☐ If yes, DHS 6051D No. | | 6. Date Seized (mm/dd/yyyy) 11/17/2020 | 7. Time Seized (Use 24 Hrs) 07:00 | 8. FDIN/Misc. |
| 9. Seized From: Name:        Unknown Address: Telephone No. | | 10. Entry No. | 11. Seal or Other ID Nos. | |
| | | 12. Remarks: | | |

13. Send Correspondence to:
U.S. CBP / ATTN:FPFO, 301 E OCEAN BLVD, STE 900, LONG BEACH, CA, 90802, TEL. No.

### 14. PROPERTY (By Line Item) Attach CBP 58 if conveyance

| a. Line Item No. | b. Description | c. Packages Number | Type | d. Measurements Qty | UM | e. Est. Dom. Value |
|---|---|---|---|---|---|---|
| 0005 | Passports -Rep of China / US | 1 | BG | 2 | EA | $ 0 |
| 0006 | Currency counter - room J on table | 1 | BG | 1 | EA | $ 0 |
| 0007 | receipts and gift cards | 1 | BG | 1 | EA | $ 0 |
| 0008 | Target receipts | 1 | BG | 1 | EA | $ 0 |
| 0009 | Gift Cards - room k | 1 | BG | 1 | EA | $ 0 |
| 0010 | Check, Receipts, written list | 1 | BG | 1 | EA | $ 0 |

| 15. Seizing Officer | | | |
|---|---|---|---|
| Cutaia, Christopher | X | | 11/17/2020 |
| Print Name | | Signature | Date |

### 16. ACCEPTANCE / CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title /Organization | d. Signature | e. Date |
|---|---|---|---|---|
| 005 - 010 | 14B | DAVID STONE \ SA\HSI | | 11\18\20 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DHS Form 6051A Continuation Sheet Attached? Yes ☑ No ☐

DHS Retains Original      REPRINT COPY 3   - Requested by FPF Officer or Seized Property



DHS Form 6051S(08/09)

**SEIZED PROPERTY**
Continuation Sheet
Handbook 5200-09

Page 2 of 3

| 3. FPF Number: | | | | | | 4. Investigative Case No. or IA File Number: | | |
|---|---|---|---|---|---|---|---|---|

2. DHS Form 6051S or D No. n/a

## 5. PROPERTY (By Line Item) Attach CBP Form 58 if conveyance / FOR DETENTIONS ONLY

| a. Line Item No. | b. Description | c. Packages Number | c. Packages Type | d. Measurements Qty. | d. Measurements UM | e. Est. Dom. Value | f. Samples sent to DHS Lab Date |
|---|---|---|---|---|---|---|---|
| 0011 | Ledger - room D by night stand left of bed | 1 | BG | 1 | EA | $ 0 | Yes ☐ No ☑   /   / |
| 0012 | Receipts, gift cards, records - room i | 1 | BG | 1 | EA | $ 0 | Yes ☐ No ☑   /   / |
| 0013 | Gift Cards - room D top drawer right side of bed | 1 | BG | 1 | EA | $ 0 | Yes ☐ No ☑   /   / |
| 0014 | Gift Cards - room D top drawer right side of bed | 1 | BG | 1 | EA | $ 0 | Yes ☐ No ☑   /   / |
| 0015 | Gift Cards - room D bottom drawer of night stand | 1 | BG | 1 | EA | $ 0 | Yes ☐ No ☑   /   / |
| 0016 | Gift Cards - room D left side bed night stand | 1 | BG | 1 | EA | $ 0 | Yes ☐ No ☑   /   / |
| 0017 | Records - room L | 1 | BG | 1 | EA | $ 0 | Yes ☐ No ☑   /   / |
| 0018 | Gift Cards, Receipts - room L | 1 | BG | 1 | EA | $ 0 | Yes ☐ No ☑   /   / |
| 0019 | Receipts - room i, loose on the floor | 1 | BG | 1 | EA | $ 0 | Yes ☐ No ☑   /   / |
| 0020 | Gift Cards - Room D white computer table | 1 | BG | 1 | EA | $ 0 | Yes ☐ No ☑   /   / |
| 0021 | Receipts, Gift Cards - room D | 1 | BG | 1 | EA | $ 0 | Yes ☐ No ☑   /   / |

## 6. ACCEPTANCE/CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| 0011-0021 | see stone | Chris Cutrue / SA / HSI | | 11/17/2000 |
| 0011-0021 | 1412 | DAVID STONE \ SA \ HSI | | 11/18/20 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DHS Retains Original



DHS Form 6051A(08/09)

Continuation Sheet
Handbook 5200-09

| 3. FPF Number: | | | | | | | | 4. Investigative Case No. or IA File Number: | | |
|---|---|---|---|---|---|---|---|---|---|---|

| 5. **PROPERTY** (By Line Item) Attach CBP Form 58 if conveyance | | | | | | | **FOR DETENTIONS ONLY** | |
|---|---|---|---|---|---|---|---|---|
| a.<br>Line<br>Item No. | b.<br>Description | c.<br>Packages<br>Number Type | | d.<br>Measurements<br>Qty. UM | | e.<br>Est. Dom.<br>Value | | f.<br>Samples sent to DHS Lab<br>Date |
| 0022 | Receipts, Gift cards - room D | 1 | BG | 1 | EA | $ | 0 | Yes ☐ No ☐ / / |
| 0023 | Gift Cards - room E | 1 | BG | 1 | EA | $ | 0 | Yes ☐ No ☐ / / |
| 0024 | Receipts, Gift Cards - room C | 1 | BG | 1 | EA | $ | 0 | Yes ☐ No ☐ / / |
| 0025 | Records - room E | 1 | BG | 1 | EA | $ | 0 | Yes ☐ No ☐ / / |
| 0026 | Receipts - room i | 1 | BG | 1 | EA | $ | 0 | Yes ☐ No ☐ / / |
| 0027 | Gift Cards- room D | 1 | BG | 1 | EA | $ | 0 | Yes ☐ No ☐ / / |
| 0028 | Receipts - room i | 1 | BG | 1 | EA | $ | 0 | Yes ☐ No ☐ / / |
| | | | | | | $ | | Yes ☐ No ☐ / / |
| | | | | | | $ | | Yes ☐ No ☐ / / |
| | | | | | | $ | | Yes ☐ No ☐ / / |
| | | | | | | $ | | Yes ☐ No ☐ / / |

| 6. ACCEPTANCE/CHAIN OF CUSTODY | | | | |
|---|---|---|---|---|
| a.<br>Line<br>Item No. | b.<br>Description | c.<br>Print<br>Name/Title/Organization | d.<br>Signature | e.<br>Date |
| 0022-0028 | see above | Chris Autuin / SA / HSI |  | 11/7/2020 |
| 0022-0028 | 14 B | DAVID STONE / SA / HSI | | 11/12/20 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DHS Retains Original

DHS Form 6051A(08/09)

U.S DEPARTMENT OF HOMELAND SECURITY

No. ▉▉▉▉▉▉ I GP Group 2

## CUSTODY RECEIPT for SEIZED PROPERTY and EVIDENCE

Handbook 5200-09

| 1. FPF No. ▉▉▉▉▉ | 2. Incident No. | |
|---|---|---|
| 3. Investigative Case No. ▉▉▉▉ | 4. EID Event Number | |
| 5. Prior Detention? Yes ☐ No ☐ If yes, DHS 6051D No. | 6. Date Seized (mm/dd/yyyy) 11/17/2020 | 7. Time Seized (Use 24 Hrs) 07:00 | 8. FDIN/Misc. |

| 9. Seized From: Name: Unknown | 10. Entry No. | 11. Seal or Other ID Nos. |
|---|---|---|
| Address: Telephone No. | 12. Remarks: | |

13. Send Correspondence to:
U.S. CBP / ATTN:FPFO, 301 E OCEAN BLVD, STE 900, LONG BEACH, CA, 90802, TEL. No. ▉▉▉▉▉

### 14. PROPERTY (By Line Item) Attach CBP 58 if conveyance

| a. Line Item No. | b. Description | c. Packages Number | Type | d. Measurements Qty | UM | e. Est. Dom. Value |
|---|---|---|---|---|---|---|
| 0029 | Various Apple products: (20 pencils, 17 iWatches, 4 iPhone 11s, 4 Airpods, 4, 9 iPads.) | 3 | BX | 54 | EA | $ $12,326.00 |
| 0030 | Bose Headphones | 1 | BX | 3 | EA | $ 477.00 |
| 0031 | Apple iPad keyboard | 3 | BX | 57 | EA | $ 10,203.00 |
| 0032 | iPhones | 1 | BX | 34 | EA | $ 6,766.00 |
| 0033 | Apple TV | 1 | BX | 7 | EA | $ 1,043.00 |
| 0035 | Apple iPad Keyboard | 5 | BX | 112 | EA | $ 20,048.00 |

*(handwritten in right margin, vertical: "Updated on 12/03/2020")*

| 15. Seizing Officer | | | |
|---|---|---|---|
| Cutaia, Christopher | X | *(signature)* | 11/17/2020 |
| Print Name | | Signature | Date |

### 16. ACCEPTANCE / CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title /Organization | d. Signature | e. Date |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DHS Form 6051A Continuation Sheet Attached? Yes ☑ No ☐

DHS Retains Original    REPRINT COPY 3    - Requested by FPF Officer or Seized Property



DHS Form 6051S(08/09)

U.S DEPARTMENT OF HOMELAND SECURITY

## CUSTODY RECEIPT for SEIZED PROPERTY and EVIDENCE

Handbook 5200-09

No. ▮▮▮▮▮   GP Group 3

| 1. FPF No. ▮▮▮▮ | 2. Incident No. ▮▮▮▮ | | |
|---|---|---|---|
| 3. Investigative Case No. ▮▮▮ | 4. EID Event Number | | |
| 5. Prior Detention? Yes ☐ No ☐ If yes, DHS 6051D No. | 6. Date Seized (mm/dd/yyyy) 11/17/2020 | 7. Time Seized (Use 24 Hrs) 07:00 | 8. FDIN/Misc. |
| 9. Seized From: Name: Unknown | 10. Entry No. | 11. Seal or Other ID Nos. | |
| Address: Telephone No. | 12. Remarks: | | |

13. Send Correspondence to:
U.S. CBP / ATTN:FPFO, 301 E OCEAN BLVD, STE 900, LONG BEACH, CA, 90802, TEL. No. ▮▮▮▮

### 14. PROPERTY (By Line Item) Attach CBP 58 if conveyance

| a. Line Item No. | b. Description | c. Packages Number | Type | d. Measurements Qty | UM | e. Est. Dom. Value |
|---|---|---|---|---|---|---|
| 0034 | iPad Air | 1 | BX | 8 | EA | $ 2,392.00 |
| 0036 | iPad | 1 | BX | 10 | EA | $ 2,990.00 |
| 0037 | Apple Computers | 1 | BX | 18 | EA | $ 32,382.00 |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |

| 15. Seizing Officer | | | |
|---|---|---|---|
| Cutaia, Christopher | X | | 11/17/2020 |
| Print Name | | Signature | Date |

### 16. ACCEPTANCE / CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title /Organization | d. Signature | e. Date |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DHS Form 6051A Continuation Sheet Attached? Yes ☑ No ☐

DHS Retains Original          REPRINT COPY 3     - Requested by FPF Officer or Seized Property

DHS Form 6051S(08/09)



EXHIBIT A TO PLEA AGREEMENT, PAGE 8 of 19

DEPARTMENT OF HOMELAND SECURITY

No.[redacted]        GP Group 2

## CUSTODY RECEIPT FOR
## DETAINED OR SEIZED PROPERTY

1. Page 2 of 3

Continuation Sheet

2. DHS Form 6051S or D No.

Handbook 5200-09

3. FPF Number: [redacted]

4. Investigative Case No. or IA File Number:

| a. Line Item No. | b. Description | c. Packages Number | c. Packages Type | d. Measurements Qty. | d. Measurements UM | e. Est. Dom. Value | f. Samples sent to DHS Lab Yes/No | f. Date |
|---|---|---|---|---|---|---|---|---|
| 5. PROPERTY (By Line Item) Attach CBP Form 58 if conveyance | | | | | | FOR DETENTIONS ONLY | | |
| 0038 | Apple iWatch | 4 | BX | 120 | EA | $ 21,480.00 | Yes ☐ No ☐ | /  / |
| 0039 | Airpods | 3 | BX | 157 | EA | $ 20,253.00 | Yes ☐ No ☐ | /  / |
| 0040 | Google Chromecast | 1 | BX | 19 | EA | $ 551.00 | Yes ☐ No ☐ | /  / |
| 0041 | Google Chromecast | 2 | BX | 57 | EA | $ 1,653.00 | Yes ☐ No ☐ | /  / |
| 0042 | Google Nest camera | 1 | BX | 1 | EA | $ 129.00 | Yes ☐ No ☐ | /  / |
| 0043 | Nintendo Switch | 4 | BX | 35 | EA | $10,465.00 | Yes ☐ No ☐ | /  / |
| 0044 | Nintendo Accessories | 11 | BX | 96 | EA | $7,584.00 | Yes ☐ No ☐ | /  / |
| 0045 | Nintendo Games | 6 | BX | 1789 | EA | $105,551.00 | Yes ☐ No ☐ | /  / |
| 0046 | Xbox Games | 2 | BX | 128 | EA | $7,552.00 | Yes ☐ No ☐ | /  / |
| 0047 | Xbox Controllers | 5 | BX | 107 | EA | $5,243.00 | Yes ☐ No ☐ | /  / |
| 0048 | Various Xbox products (4 Xbox Consoles, 2 Xbox Controllers) | 1 | BX | 6 | EA | $1,294.00 | Yes ☐ No ☐ | /  / |

updated on 12/03/2020

## 6. ACCEPTANCE/CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| 0038-0048 | see above | Chris Citera / SA / HSI | [signature] | 10/7/2020 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DHS Retains Original



DHS Form 6051A(08/09)

# DEPARTMENT OF HOMELAND SECURITY

No. ███████ GP Group 2

## CUSTODY RECEIPT FOR
## DETAINED OR SEIZED PROPERTY

1. Page 3 of 3

Continuation Sheet

2. DHS Form 6051S or D No.

Handbook 5200-09

| 3. FPF Number: | 4. Investigative Case No. or IA File Number: |
|---|---|
| ███████ | |

| 5. PROPERTY (By Line Item) Attach CBP Form 58 if conveyance | | | | | | | | FOR DETENTIONS ONLY | |
|---|---|---|---|---|---|---|---|---|---|
| a. Line Item No. | b. Description | c. Packages Number | c. Packages Type | d. Measurements Qty. | d. Measurements UM | e. Est. Dom. Value | | f. Samples sent to DHS Lab | Date |
| 0049 | PS 5 controllers | 1 | BX | 5 | EA | $ 345.00 | | Yes ☐ No ☑ | / / |
| 0050 | PS 5 Games | 3 | BX | 557 | EA | $ 38,433.00 | | Yes ☐ No ☑ | / / |
| 0051 | PS 4 Games | 1 | BX | 83 | EA | $ 4,897.00 | | Yes ☐ No ☑ | / / |
| 0052 | PlayStation VR | 1 | BX | 1 | EA | $ 319.00 | | Yes ☐ No ☑ | / / |
| 0053 | PS 4 game consoles | 2 | BX | 6 | EA | $ 1,794.00 | | Yes ☐ No ☑ | / / |
| | | | | | | $ | | Yes ☐ No ☐ | / / |
| | | | | | | $ | | Yes ☐ No ☐ | / / |
| | | | | | | $ | | Yes ☐ No ☐ | / / |
| | | | | | | $ | | Yes ☐ No ☑ | / / |
| | | | | | | $ | | Yes ☐ No ☑ | / / |
| | | | | | | $ | | Yes ☐ No ☐ | / / |

*(handwritten note in right margin, rotated): updated on 12/03/2020*

## 6. ACCEPTANCE/CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| 0049-0050 | *see above* | *Christian /SA #SE* | *(signature)* | 11/17/2020 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DHS Retains Original



DHS Form 6051A(08/09)

U.S DEPARTMENT OF HOMELAND SECURITY

No. | GP Group 1

## CUSTODY RECEIPT for SEIZED PROPERTY and EVIDENCE

Handbook 5200-09

| 1. FPF No. | 2. Incident No. | | |
|---|---|---|---|
| 3. Investigative Case No. | 4. EID Event Number | | |
| 5. Prior Detention? Yes ☐ No ☑ If yes, DHS 6051D No. | 6. Date Seized (mm-dd-yyyy) 11/17/2020 | 7. Time Seized (Use 24 Hrs) 08:10 | 8. FDIN/Misc. |
| 9. Seized From: Name: CATFISH INTERNATIONAL TRADING INC | 10. Entry No. 00000000000 | 11. Seal or Other ID Nos. | |
| Address: | 12. Remarks: | | |
| Telephone No. | | | |

13. Send Correspondence to:
U.S. CBP / ATTN:FPFO, 301 E OCEAN BLVD, STE 900, LONG BEACH, CA, 90802, TEL. No.

### 14. PROPERTY (By Line Item) Attach CBP 58 if conveyance

| a. Line Item No. | b. Description | c. Packages Number | Type | d. Measurements Qty | UM | e. Est. Dom. Value |
|---|---|---|---|---|---|---|
| 0001 | ASUS Laptop, Model No GU501GM Found in Room B | 1 | BG | 1 | EA | $ 0 |
| 0002 | BY1935A55502269 Razer Laptop, Model S /N: BY1935A55502269 Found in Room A | 1 | BG | 1 | EA | $ 0 |
| 0003 | Nintendo MarioKart Live Homecircuit (15 count) | 3 | BX | 15 | EA | $ 1,485.00 |
| 0004 | Nintendo Switch (14 count) | 2 | BX | 14 | EA | $ 4,186.00 |
| 0005 | Nintendo Switch (Special Edition) (31 count) | 4 | BX | 31 | EA | $ 9,269.00 |
| 0006 | Nintendo Ring fit Adventure (41 count) | 5 | BX | 41 | EA | $ 3,239.00 |

15. Seizing Officer

| Gleason, Michael | X _____ | 11/17/2020 |
|---|---|---|
| Print Name | Signature | Date |

### 16. ACCEPTANCE / CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title /Organization | d. Signature | e. Date |
|---|---|---|---|---|
| 1-6 | SEE 14 B | Gleason ITA/HSI | | 11/17/2020 |
| 3-6 | ree 14B | Adam Bringas | | 1/25/2021 |
| | | | | |
| | | | | |
| | | | | |

DHS Form 6051A Continuation Sheet Attached? Yes ☑ No ☐

DHS Retains Original     REPRINT COPY 2   - Requested by FPF Officer or Seized Property



DHS Form 6051S(08/09)

# DEPARTMENT OF HOMELAND SECURITY

No. ▮▮▮▮▮▮   GP Group 1

## CUSTODY RECEIPT FOR
## DETAINED OR SEIZED PROPERTY

Continuation Sheet

Handbook 5200-09

1. Page 2 of 7

2. DHS Form 6051S or D No.

| 3. FPF Number: ▮▮▮▮▮▮ | | | | | | 4. Investigative Case No. or IA File Number: | |
|---|---|---|---|---|---|---|---|

| 5. PROPERTY (By Line Item) Attach CBP Form 58 if conveyance | | | | | | FOR DETENTIONS ONLY | |
|---|---|---|---|---|---|---|---|
| a. Line Item No. | b. Description | c. Packages Number / Type | | d. Measurements Qty. / UM | | e. Est. Dom. Value | f. Samples sent to DHS Lab Date |
| 0007 | Nesteam Indoor (27 count) | 2 | BX | 27 | EA | $ 3,483.00 | Yes ☐ No ☐   / / |
| 0008 | Google Chromecast (64 count) | 2 | BX | 64 | EA | $ 1,856.00 | Yes ☐ No ☐   / / |
| 0009 | Google Chromecast with google TV (14 count) | 1 | BX | 14 | EA | $ 686.00 | Yes ☐ No ☐   / / |
| 0010 | Apple Pencil (134 count) | 2 | BX | 134 | EA | $ 13,266.00 | Yes ☐ No ☐   / / |
| 0011 | iphone 64 GB (5 count) | 1 | BX | 5 | EA | $ 995.00 | Yes ☐ No ☐   / / |
| 0012 | iphone SE 256GB (1 count) | X | BX | 1 | EA | $ 549.00 | Yes ☐ No ☐   / / |
| 0013 | EV Box Plus Upgrade (4 count) | X | BX | 4 | EA | $ 996.00 | Yes ☐ No ☐   / / |
| 0014 | PS4 Madden 21 (47 count) | 1 | BX | 47 | EA | $ 2,773.00 | Yes ☐ No ☐   / / |
| 0015 | PS4 Fifa 21 (58 count) | 1 | BX | 58 | EA | $ 3,422.00 | Yes ☐ No ☐   / / |
| 0016 | PS5 Call of Duty (111 count) | 2 | BX | 111 | EA | $ 7,659.00 | Yes ☐ No ☐   / / |
| 0017 | Nintendo Switch – mortal kombat (1 count) | 1 | BX | 1 | EA | $ 69.00 | Yes ☐ No ☐   / / |

## 6. ACCEPTANCE/CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| 7-17 | SEE 5B | Brenton / SA / HSI | _(signature)_ | 6/17/20 |
| 007-0017 | 007-0017 see (5 b) | Adam Dominguez | _(signature)_ | 21 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DHS Retains Original

_(handwritten marginal note, right side, rotated):_ updated 12/6/2020 by SA Certain OC



DHS Form 6051A(08/09)

DEPARTMENT OF HOMELAND SECURITY

**CUSTODY RECEIPT FOR
DETAINED OR SEIZED PROPERTY**

Continuation Sheet
Handbook 5200-09

No. [redacted]     GP Group 1

1. Page 3 of 7

2. DHS Form 6051S or D No.

| 3. FPF Number: [redacted] | | | | | | 4. Investigative Case No. or IA File Number: | | |
|---|---|---|---|---|---|---|---|---|

| a. Line Item No. | b. Description | c. Packages | | d. Measurements | | e. Est. Dom. Value | f. Samples sent to DHS Lab | |
|---|---|---|---|---|---|---|---|---|
| | | Number | Type | Qty. | UM | | Yes / No | Date |
| 0018 | PS5 Demons Soul (31 count) | X | BX | 31 | EA | $ 2,139.00 | Yes ☐ No ☐ | / / |
| 0019 | PS5 Assassins Creed (16 count) | X | BX | 16 | EA | $ 1,104.00 | Yes ☐ No ☐ | / / |
| 0020 | PS4 Assassins Creed (2 count) | X | BX | 2 | EA | $ 118.00 | Yes ☐ No ☐ | / / |
| 0021 | PS5 Sackboy (5 count) | X | BX | 5 | EA | $ 345.00 | Yes ☐ No ☐ | / / |
| 0022 | PS5 Spider-man Miles Morales (39 count) | X | BX | 39 | EA | $ 2,691.00 | Yes ☐ No ☐ | / / |
| 0023 | Nintendo Switch Lite (1 count) | 1 | BX | 1 | EA | $ 199.00 | Yes ☐ No ☐ | / / |
| 0024 | Nintendo Switch Super Mario Party -- Mario Kart Deluxe (3 count) | X | BX | 3 | EA | $ 297.00 | Yes ☐ No ☐ | / / |
| 0025 | PS5 Godfall (56 count) | 1 | BX | 56 | EA | $ 3,864.00 | Yes ☐ No ☐ | / / |
| 0026 | Nintendo Switch Just Dance 2020 (12 count) | 1 | BX | 12 | EA | $ 348.00 | Yes ☐ No ☐ | / / |
| 0027 | Nintendo Switch Super Mario Maker (19 count) | X | BX | 19 | EA | $ 741.00 | Yes ☐ No ☐ | / / |
| 0028 | Airpod Pro Apple (34 count) | 1 | BX | 34 | EA | $ 4,386.00 | Yes ☐ No ☐ | / / |

**6. ACCEPTANCE/CHAIN OF CUSTODY**

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| 18-28 | See 5 B | [handwritten] / 3 / HSI | [signature] | 11/17/202 |
| 18-28 | see (5b.) | Adam Bergron [Analyst] | [signature] | 1/28/2021 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DHS Retains Original



DHS Form 6051A(08/09)

DocuSign Envelope ID: 1B48400F-6A62-4580-917C-77BEA1D82C3E

DEPARTMENT OF HOMELAND SECURITY

**CUSTODY RECEIPT FOR
DETAINED OR SEIZED PROPERTY**

Continuation Sheet

Handbook 5200-09

No. [redacted]  GP Group 1

1. Page 4 of 7

2. DHS Form 6051S or D No

| 3. FPF Number: [redacted] | | | | | 4. Investigative Case No. or IA File Number: | |
|---|---|---|---|---|---|---|

| | 5. PROPERTY (By Line Item) Attach CBP Form 58 if conveyance | | | | | FOR DETENTIONS ONLY | |
|---|---|---|---|---|---|---|---|
| a. Line Item No. | b. Description | c. Packages Number | Type | d. Measurements Qty. | UM | e. Est. Dom. Value | f. Samples sent to DHS Lab / Date |
| 0029 | Apple Airpods (8 count) | 1 | BX | 8 | EA | $ 1,032.00 | Yes ☐ No ☐   /   / |
| 0030 | Ninetendo Switch Super Mario Deluxe (19 count) | X | BX | 19 | EA | $ 1,121.00 | Yes ☐ No ☐   /   / |
| 0031 | Nintendo Switch Zelda ( 16 count) | X | B X | 16 | EA | $ 944.00 | Yes ☐ No ☐   /   / |
| 0032 | Apple Watch Series 6 (8 count) | X | BX | 8 | EA | $ 3,032.00 | Yes ☐ No ☐   /   / |
| 0033 | Apple watch Series 5 (5 count) | X | BX | 5 | EA | $ 1,145.00 | Yes ☐ No ☐   /   / |
| 0034 | Apple Watch Series 3 (1 count) | 1 | BX | 1 | EA | $ 179.00 | Yes ☐ No ☐   /   / |
| 0035 | ipad pro 256 GB (11 count) | 1 | BX | 11 | EA | $ 9,889.00 | Yes ☐ No ☐   /   / |
| 0036 | iPad 8th generation 32 GB (19 count) | 1 | BX | 19 | EA | $ 6,251.00 | Yes ☐ No ☐   /   / |
| 0037 | iPad pro 12.9 inch 4th generation (8 count) | 2 | BX | 8 | EA | $ 7,992.00 | Yes ☐ No ☐   /   / |
| 0038 | iPad Air 4th generation 256 GB (6 count) | 1 | BX | 6 | EA | $ 4,494.00 | Yes ☐ No ☐   /   / |
| 0039 | iPad Pro 11-inch 2nd generation 128 GB (4 count) | 1 | BX | 4 | EA | $ 3,196.00 | Yes ☐ No ☐   /   / |

**6 ACCEPTANCE/CHAIN OF CUSTODY**

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| 29-39 | size 58 | G.GASIN /SA /HSI | | 11/17/202 |
| 29-39 | see (5b) | Adam Dominguez | | 1/28/2021 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DHS Retains Original

DHS Form 6051A(08/09)

DocuSign Envelope ID: 1B4B400F-8A63-4580-917C-77BEA1D82C3E

## DEPARTMENT OF HOMELAND SECURITY

### CUSTODY RECEIPT FOR
### DETAINED OR SEIZED PROPERTY

Continuation Sheet

Handbook 5200-09

No. [redacted]    GP Group 1

1. Page 5 of 7

2. DHS Form 6051S or D No.

| 3. FPF Number: [redacted] | 4 Investigative Case No. or IA File Number: |
|---|---|

### 5. PROPERTY (By Line Item) Attach CBP Form 58 if conveyance / FOR DETENTIONS ONLY

| a. Line Item No. | b. Description | c. Packages Number | c. Packages Type | d. Measurements Qty. | d. Measurements UM | e. Est. Dom. Value | f. Samples sent to DHS Lab — Yes | f. — No | f. — Date |
|---|---|---|---|---|---|---|---|---|---|
| 0040 | iPad Pro 12.9-inch 4th generation 128 GB (3 count) | 1 | BX | 3 | EA | $ 2,997.00 | Yes ☐ | No ☐ | / / |
| 0041 | Sony Bluetooth WF 1000 XME | 1 | BX | 10 | EA | $ 1,590.00 | Yes ☐ | No ☐ | / / |
| 0042 | Sony PlayStation Controller (3 count) | 1 | BX | 3 | EA | $ 147.00 | Yes ☐ | No ☐ | / / |
| 0043 | Amazon Fire TV Cube (19 count) | 2 | BX | 19 | EA | $ 1,501.00 | Yes ☐ | No ☐ | / / |
| 0044 | Apple Watch Series 4 (2 count) | 1 | BX | 2 | EA | $ 458.00 | Yes ☐ | No ☐ | / / |
| 0045 | Xbox OneS (10 count) | 2 | BX | 10 | EA | $ 2,990.00 | Yes ☐ | No ☐ | / / |
| 0046 | iPad 8th generation 128 GB (6 count) | 1 | BX | 6 | EA | $ 2,574.00 | Yes ☐ | No ☐ | / / |
| 0047 | iPad Magic Keyboard 12-inch (1 count) | 1 | BX | 1 | EA | $ 299.00 | Yes ☐ | No ☐ | / / |
| 0048 | Macbook Air 13-inch (1 count) | X | BX | 1 | EA | $ 899.00 | Yes ☐ | No ☐ | / / |
| 0049 | Apple TV 4k (251 count) | 14 | BX | 251 | EA | $ 49,949.00 | Yes ☐ | No ☐ | / / |
| 0050 | Apple TV HD (6 count) | 1 | BX | 6 | EA | $ 894.00 | Yes ☐ | No ☐ | / / |

### 6. ACCEPTANCE/CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | Date |
|---|---|---|---|---|
| 40-50 | SEE 5B | Glenn Sr/HSI | [signature] | 11/17/2020 |
| 40-50 | see (5b) | Adam Vaughn [Arodan] | [signature] | 1/28/2021 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DHS Retains Original



DHS Form 6051A(08/09)

DEPARTMENT OF HOMELAND SECURITY

**CUSTODY RECEIPT FOR**
**DETAINED OR SEIZED PROPERTY**
Continuation Sheet
Handbook 5200-09

No. [redacted]   GP Group I

1. Page 6 of 7

2. DHS Form 6051S or D No.

| 3. FPF Number: [redacted] | | | | | | 4. Investigative Case No. or IA File Number: [redacted] | |
|---|---|---|---|---|---|---|---|

| 5. PROPERTY (By Line Item) Attach CBP Form 58 if conveyance | | | | | | FOR DETENTIONS ONLY | |
|---|---|---|---|---|---|---|---|
| a. Line Item No. | b. Description | c. Packages Number / Type | | d. Measurements Qty. / UM | | e. Est. Dom. Value | f. Samples sent to DHS Lab Date |
| 0051 | iPad Magic Keyboard 11-inch (39 count) | 2 | BX | 39 | EA | $ 11,661.00 | Yes ☐ No ☐  / / |
| 0052 | Mac Pro 16 GB (10 count) | 1 | BX | 10 | EA | $ 19,990.00 | Yes ☐ No ☐  / / |
| 0053 | iPad Air 64 GB (2 count) | 1 | BX | 2 | EA | $ 1,198.00 | Yes ☐ No ☐  / / |
| 0054 | iPad 6th Generation 32 GB (1 count) | X | BX | 1 | EA | $ 249.00 | Yes ☐ No ☐  / / |
| 0055 | iPad Pro 64 GB (2 count) | X | BX | 2 | EA | $ 1,098.00 | Yes ☐ No ☐  / / |
| 0056 | iPad Air 4th Generation 64 GB (1 count) | X | BX | 1 | EA | $ 599.00 | Yes ☐ No ☐  / / |
| 0057 | iPad 7th Generation 128 GB (2 count) | X | BX | 2 | EA | $ 1,118.00 | Yes ☐ No ☐  / / |
| 0058 | iPad 7th Generation 32 GB (1 count) | X | BX | 1 | EA | $ 329.00 | Yes ☐ No ☐  / / |
| 0059 | iPad mini 64 GB (1 count) | X | BX | 1 | EA | $ 399.00 | Yes ☐ No ☐  / / |
| 0060 | iPad mini 256 GB (1 count) | X | BX | 1 | EA | $ 549.00 | Yes ☐ No ☐  / / |
| 0061 | Apple Magic Mouse (1 count) | X | BX | 1 | EA | $ 79.00 | Yes ☐ No ☐  / / |

*updated 12/23/2020 by SA Antonio Ce [handwritten]*

| 6. ACCEPTANCE/CHAIN OF CUSTODY | | | | |
|---|---|---|---|---|
| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
| 51-61 | SEE SB | [illegible] / CA / HSI | [signature] | 11/17/2020 |
| 51-61 | see (SB) | Adam Darragon [illegible] | [signature] | 1/25/2021 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DHS Retains Original

DHS Form 6051A(08/09)

DEPARTMENT OF HOMELAND SECURITY

**CUSTODY RECEIPT FOR**
**DETAINED OR SEIZED PROPERTY**

Continuation Sheet

Handbook 5200-09

No. ▮ GP Group 1

1. Page 7 of 7

2. DHS Form 6051S or D No.

| 3. FPF Number: ▮ | 4. Investigative Case No. or IA File Number: ▮ |
|---|---|

### 5. PROPERTY (By Line Item) Attach CBP Form 58 if conveyance — FOR DETENTIONS ONLY

| a. Line Item No. | b. Description | c. Packages Number | c. Packages Type | d. Measurements Qty. | d. Measurements UM | e. Est. Dom. Value | f. Samples sent to DHS Lab | f. Date |
|---|---|---|---|---|---|---|---|---|
| 0062 | iPad 7th Generation 32 GB (1 count) | X | BX | 1 | EA | $ 329.00 | Yes ☐ No ☐ | / / |
| 0063 | iPad Air 256 GB (1 count) | X | BX | 1 | EA | $ 749.00 | Yes ☐ No ☐ | / / |
| 0064 | Gift Cards (66 cards found in Room A and 312 cards found in room B), various types - total 378 | 1 | BG | 378 | EA | $ 1 | Yes ☐ No ☐ | / / |
| 0065 | Miscellaneous Documents found in Room A | 1 | BG | 1 | EA | $ 0 | Yes ☐ No ☐ | / / |
| 0066 | Miscellaneous Documents Found in Room E | 1 | BG | 1 | EA | $ 0 | Yes ☐ No ☐ | / / |
| 0067 | Miscellaneous Documents Found in Room A | 1 | BG | 1 | EA | $ 0 | Yes ☐ No ☐ | / / |
| 0068 | Miscellaneous Documents Found in Room B | 1 | BG | 1 | EA | $ 0 | Yes ☐ No ☐ | / / |
| | | | | | | $ | Yes ☐ No ☐ | / / |
| | | | | | | $ | Yes ☐ No ☐ | / / |
| | | | | | | $ | Yes ☐ No ☐ | / / |
| | | | | | | $ | Yes ☐ No ☐ | / / |

### 6. ACCEPTANCE/CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| 62-68 | SEE SB | Guerson /SA | _(signature)_ | 11/7/20~ |
| 62-68 (62-63) see (S6) | Adan Dominguez | _(signature)_ | 01/25/2021 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DHS Retains Original



DHS Form 6051A(08/09)

U.S DEPARTMENT OF HOMELAND SECURITY

No. ■■■■ GP Group 2

## CUSTODY RECEIPT for SEIZED PROPERTY and EVIDENCE

Handbook 5200-09

| 1. FPF No. ■■■ | | | 2. Incident No. ■■■ | | | |
|---|---|---|---|---|---|---|
| 3. Investigative Case No. ■■■ | | | 4. EID Event Number | | | |
| 5. Prior Detention? Yes ☐ No ☐ If yes, DHS 6051D No. | | | 6. Date Seized (mm/dd/yyyy) 11/17/2020 | 7. Time Seized (Use 24 Hrs) 08:10 | | 8. FDIN/Misc. |
| 9. Seized From: Name: CATFISH INTERNATIONAL TRADING INC Address: ■■■ Telephone No. | | | 10. Entry No. 00000000000 | 11. Seal or Other ID Nos. | | |
| | | | 12. Remarks: | | | |

13. Send Correspondence to:
U.S. CBP / ATTN:FPFO, 301 E OCEAN BLVD, STE 900, LONG BEACH, CA, 90802, TEL. No. ■■■

### 14. PROPERTY (By Line Item) Attach CBP 58 if conveyance

| a. Line Item No. | b. Description | c. Packages Number | Type | d. Measurements Qty | UM | e. Est. Dom. Value |
|---|---|---|---|---|---|---|
| 0069 | PS 5 NBA2K video games (35 count) | 1 | BX | 35 | EA | $ 2,415.00 |
| 0070 | PS 4 video games - Call of Duty (7 count) | X | BX | 7 | EA | $ 413.00 |
| 0071 | Apple Air Pods Pro (3 count) | X | BX | 3 | EA | $ 387.00 |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |

15. Seizing Officer

Gleason, Michael          X _signature_          11/17/2020

Print Name          Signature          Date

### 16. ACCEPTANCE / CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title /Organization | d. Signature | e. Date |
|---|---|---|---|---|
| 69-71 | SEE 11/3 | Gleason / SA/HSI | _signature_ | 11/17/2020 |
| 69-71 | see 14(b) | Aronian / Gam Dominguez | _signature_ | 01/28/2021 |
| | | | | |
| | | | | |
| | | | | |

DHS Form 6051A Continuation Sheet Attached? Yes ☐ No ☐

DHS Retains Original          REPRINT COPY 2   - Requested by FPF Officer or Seized Property



DHS Form 6051S(08/09)